UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

JAMES WATSON,

    Plaintiff,

v.

MEAT UP FLAMESTONE INC.
d/b/a Flamestone American Grill

    Defendant.
_____/

## COMPLAINT

Plaintiff James Watson ("Plaintiff") by and through his undersigned counsel hereby sues Defendant Meat Up Flamestone Inc. ("Defendant"), a Florida for profit corporation doing business as Flamestone American Grill and for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

1. Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been

given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See* also 28 U.S.C. § 2201 and § 2202.

3. Plaintiff is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA 42 U.S.C. §12102(1) & (2), the regulations implementing the ADA as set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4. Plaintiff uses the internet and a mobile device to help him navigate a world of goods, products and services like sighted individuals. The internet, websites and mobile applications provide him a window into the world that he would not otherwise have. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired. Plaintiff brings this action against Defendant for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) which does not provide to him (a visually impaired customer) the ability to effectively communicate with Defendant's place of public accommodation despite using the available software for that purpose.

5. Plaintiff is also a "tester" for the purpose of asserting his civil rights and monitors mobile websites to ensure and determine whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6. Defendant owns and operates the Flamestone American Grill restaurant which is located at 4009 Tampa Road, Oldsmar, Florida 34677. Defendant's Flamestone American Grill is branded as a trendy sophisticated American cuisine steakhouse which cooks meat, seafood and chicken over an open flame. Flamestone American Grill is open to the public, therefore it is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7) (B), §12182, and 28 C.F.R. §36.104(2). Defendant's Flamestone American Grill restaurant is referenced throughout as "place of public accommodation," "Flamestone (Oldsmar) restaurant," or "restaurant."

7. Since Defendant is the owner and operator of the Flamestone Oldsmar restaurant, Defendant is a "Public Accommodation" as defined by Title III, 42 U.S.C. § 12181(7)(B) and 28 C.F.R. § 36.104(2).

8. There is a second Flamestone American Grill restaurant within the state of Florida and within this district which is located at 10900 State Road 54, New Port Richey, Florida 34655. This second Flamestone branded restaurant ("Flamestone

Trinity") is owned by Meat Up Flamestone Trinity Inc.[1] which on information and belief is a related entity to Defendant.

9. Subsequent to the effective date of the ADA, Defendant constructed, or caused to be constructed, the https://www.flamestonegrill.com mobile website (hereinafter "mobile website") for the public (such as Plaintiff) to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, and is complementary and supplemental to the Flamestone Oldsmar and Flamestone Trinity restaurants. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at both restaurant physical locations.

10. The mobile website is offered by Defendant as a way for the public to become familiar with Flamestone American Grill menu selections (and specifically the Flamestone Oldsmar restaurant), hours of operation, and restaurant locations. The mobile website provides a link to reserve a table for dining within each of the restaurant locations, and permits the public to order food online for delivery or pick up at the restaurant physical locations. The mobile website also enables the public/patrons to purchase gift cards online for exclusive use in Flamestone American Grill restaurants. The mobile website also offers the public the ability to

---

[1] The Flamestone Trinity restaurant and its owner, Meat Up Flamestone Trinity Inc. are not a party to this action.

inquire about reserving specific private spaces (patio/lounge or a private dining room) at the Flamestone Oldsmar restaurant[2]. In addition, the mobile website has links to the Flamestone restaurant Facebook, Twitter and Yelp pages, provides a link for the public to sign up for email event notifications, and displays other information Defendant seeks to communicate to the public. By the provision of menu selection, reservation services, delivery and to-go online ordering, and the ability to purchase gift cards online, the mobile website is an integral part of the goods and services offered by Defendant on behalf of its restaurant. By this nexus, the mobile website is characterized as a Place of Public Accommodation subject to Title III of the ADA[3], 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

11. The mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device. Defendant has subjected itself to the ADA because the mobile website is offered as a tool to promote, advertise and sell products and

---

[2] There is also the ability to inquire/book private dining/event space at the Flamestone Trinity restaurant, but that location is not named in this action.

[3] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice. The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance/. The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

services from its Flamestone Oldsmar restaurant location. Therefore, the mobile website must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public[4] and must interact with the public, which includes Plaintiff (a visually impaired person).

12. The mobile website does not properly interact with VoiceOver screen reader software technology in a manner that allows Plaintiff (a visually impaired person) to comprehend the mobile website and does not provide other means of accommodation.

13. Like the seeing community, Plaintiff would like the opportunity to be able to use the https://www.flamestonegrill.com mobile website to test whether he can comprehend Flamestone restaurant menu selections and to test for the ability to make reservations, order food online (for pickup and delivery), inquire about booking space for private dining events, and to purchase gift cards online. However, unless Defendant is required to eliminate the barriers to his ability to communicate with Defendant through the mobile website, Plaintiff will continue to denied full and equal access and will be deterred from fully using that mobile website.

14. Plaintiff is continuously aware of the violations on Defendant's mobile

---

[4] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

website and is aware that it would be a futile gesture to attempt to utilize the mobile website as long as those violations exist.

15. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is his only means to secure adequate redress from Defendant's practice.

16. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

18. The ADA requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

19. According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen

7

reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

20. 28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

21. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

22. The https://www.flamestonegrill.com mobile website has been designed to integrate with Flamestone restaurants (and specifically Flamestone Oldsmar) through the provision of a reservation service, the ability to order food online for pickup/delivery, the ability to inquire/book private events online, and the ability to purchase Flamestone gift cards; therefore, the mobile website is an extension of each Flamestone restaurant (and specifically Flamestone Oldsmar). By and through the mobile website, Defendant has extended its restaurant into individual persons' homes and portable devices wherever located. The mobile

website is a service, facility, privilege, advantage, benefit and accommodation of Defendant's Flamestone Oldsmar restaurant. Because the mobile website is integrated with, and is a nexus to, Defendant's restaurant, it is required by 28 C.F.R. Section 36.303 *et seq*. to provide effective communication to Plaintiff, as a visually impaired person.

23. Plaintiff attempted to access and test the mobile website https://www.flamestonegrill.com, but was unable to do so because it contains barriers to effective communication for visually impaired individuals such as himself. Plaintiff continues to be unable to effectively communicate with Defendant through the mobile website and understand the content therein because numerous portions of the mobile website do not interface with mobile VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to Plaintiff (a VoiceOver screen reader software user) include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

   i. Guideline 2.4.3 Focus order is violated. The site is required to provide focus in a logical order, and this has been violated. Mobile VoiceOver screen reader software users are unable to access page content due to the focus order. For example, after the logo is announced, focus moves to the *main menu* icon, the *scroll bar*, and then it exits to the browser's *back* button. While Mobile VoiceOver screen reader software users are able to expand and follow the links in the *main* menu, focus does not move to the page content. *Mobile VoiceOver screen reader software users are not able to hear hours, locations, menu items, make a reservation or order gift cards online.*

24. In this instant case, the mobile website reservation system is linked to

9

a third party vendor. The fact that a portion of the WCAG 2.1 Level A and AA Guideline violations may be related to a third party vendor platform does not absolve Defendant of culpability. Because restaurants are places of public accommodation, their operators are subject to the requirements of Title III as well. 42 U.S.C. § 12181(7)(b). Those requirements include a prohibition against subjecting patrons with disabilities to unequal treatment "through contractual, licensing, or other arrangements," such as use of third party vendors' inaccessible platforms for making reservations. 42 U.S.C. § 12182(b)(1)(A); *See Kohler v Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264-66 (9th Cir. 2015) (Pre-existing obligations under Title III of the ADA may not be avoided through contractual arrangements, and those obligations remain even where compliance is under control of another party); *Robles v. Yum! Brands, Inc.*, 2018 WL 566781, *4 (C.D. Cal. January 24, 2018) (restaurant operators are liable for website and mobile app accessibility where there is a nexus to the restaurants themselves).

25. As the beneficiary of a mobile website which serves as a gateway to its Flamestone Oldsmar restaurant, Defendant is required to comply with the ADA and the provisions cited herein. This includes Defendant's obligation to create and maintain a mobile website that is accessible to Plaintiff so that he (as a visually impaired person) can enjoy full and equal access to the mobile website and the content therein, including the ability to test and/or communicate his desire to make

a reservation to dine within Flamestone Oldsmar, to inquire/book private events online, to purchase gift cards online, and to order food for delivery or pickup at the restaurant location.

26. Defendant has violated the ADA by failing to interface the mobile website which is directly linked to its restaurant with VoiceOver screen reader software utilized by Plaintiff (a visually impaired individual) (reference violations delineated within paragraph 23) either directly or through contractual, licensing or other arrangements. Defendant's violations have resulted in Defendant denying Plaintiff effective communication on the basis of his disability in accordance with 28 C.F.R. Section 36.303 *et seq*.

27. Plaintiff is continuously aware of the violations within the mobile website and is aware that it would be a futile gesture to attempt to utilize and/or test the mobile website as long as those violations exist.

28. As the result of the barriers to communication which are present within the mobile website and by continuing to operate and/or benefit from the mobile website with such barriers, Defendant has contributed to Plaintiff's frustration, humiliation, sense of isolation and segregation and has deprived Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the barriers to effective communication within the mobile website and knowing that it would be a futile

11

gesture to attempt to utilize the mobile website, Plaintiff has been deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and has been deterred and discouraged from doing so. By benefiting from and/or maintaining a mobile website with barriers to effective communication, Defendant has deprived Plaintiff the equality of opportunity which it offers to the general public.

29. Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendant's violations until Defendant is compelled to comply with the requirements of the ADA and conform the mobile website to WCAG 2.1 Level A and AA Guidelines.

30. Plaintiff desires to access the mobile website to assure himself that the mobile website is in compliance with the ADA so that he will be able to comprehend the mobile website. However, Plaintiff has a realistic, credible, existing and continuing fear of not being able to comprehend the Flamestone Oldsmar menu selections and test the ability to make a reservation online, test the ability to inquire about private dining events online, and test the ability to purchase Flamestone gift cards online due to Defendant's non-compliance with the ADA with respect to the mobile website.

31. Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff will continue to suffer injury and

damage without the immediate relief as requested herein.

32.   Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter the mobile website to make it readily accessible to and usable by usable by Plaintiff (a visually impaired person).

**WHEREFORE,** Plaintiff James Watson hereby demands judgment against Defendant Meat Up Flamestone Inc. and requests the following injunctive and declaratory relief:

a.   The Court issue a Declaratory Judgment that determines that the mobile website is in violation of Title III of the Americans with Disabilities Act and 28 C.F.R. Section 36.303 *et seq.*;

b.   The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain the mobile website which serves as a gateway to its restaurant to ensure that it is readily accessible to and usable by Plaintiff, a visually impaired person;

c.   The Court issue an Order directing Defendant to alter the mobile website to the full extent required by Title III of the ADA;

d.   The Court issue an Order directing Defendant provide the appropriate auxiliary aids such that Plaintiff (a visually impaired person) will be able to effectively communicate with the mobile website for purposes

of comprehending Flamestone menu selections, ordering/paying for gift cards online, for making reservations to dine within Flamestone Oldsmar restaurant, and for inquiring about space for private dining events, and during that time period prior to the mobile website's being designed to permit Plaintiff to effectively communicate, requiring Defendant to provide an alternative method for Plaintiff to effectively communicate so that he is not impeded from obtaining the goods and services which Defendant has made available to the public through the mobile website.

e. The Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards Plaintiff (a visually impaired person) for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

f. The Court enter an Order directing Defendant to continually update and maintain the mobile website to ensure that it remains fully accessible and usable pursuant to Title III of the ADA;

g. The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and

h. The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities

Act.

Dated: August 22, 2022

        Respectfully submitted,

        */s/ J. Courtney Cunningham*
        J. Courtney Cunningham, Esq.
        J. COURTNEY CUNNINGHAM, PLLC
        FBN: 628166
        8950 SW 74th Court, Suite 2201
        Miami, Florida 33156
        Telephone: 305-351-2014
        Email: cc@cunninghampllc.com
        *Counsel for Plaintiff*